■ In the Matter of Lois Kilpatrick, Respondent, v Gavin W. Kilpatrick, Appellant.—Casey, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered April 24, 1985, which, *inter alia,* granted custody of the parties' minor children to petitioner.

The parties were divorced in November 1984 by a decree which referred questions of custody, support and visitation to Family Court. The parties each moved for the custody of their two minor children, resulting in a hearing in Family Court and court-ordered probation reports on home investigations. Family Court awarded custody to petitioner, directed respondent to continue paying support at $75 per week and prescribed guidelines for visitation. Respondent appeals from the award of custody.

Family Court's order is flawed, according to respondent, because it is based upon a finding of a de facto agreement between the parties that petitioner would have custody of the children. Respondent's argument misconstrues the meaning of Family Court's decision. Family Court did not find any de facto agreement; rather, it found that petitioner was the primary caretaker of the parties' children, particularly during the marriage when respondent's job required his absence from the marital home for substantial periods of time. The parties' children, therefore, developed strong emotional attachments to their mother and stepsister, which would be disrupted by granting custody to respondent, who has remarried and lives some 250 miles from the area where the children were born and now reside with their mother. The court further found that petitioner was capable of continuing to care for the children and that the children are well adjusted. Based upon these findings, the court concluded that the best interests of the children would not be served by granting custody to respondent.

Our review of the record establishes that Family Court's

findings are supported by the evidence. The court properly based its award of custody on the best interests of the children (see, Eschbach v Eschbach, 56 NY2d 167, 171) and we see no basis for disturbing the award.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.