■ KAREN M. SPETTER, Respondent, v JOB M. SPETTER, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated November 13, 1981, the defendant father appeals (1) from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered May 15, 1986, which, after a hearing, denied his motion for a change of custody of his infant son to him, and (2), as limited by his brief, from so much of an order of the same court, entered June 4, 1986, as set forth a schedule of visitation.

Ordered that the order entered May 15, 1986 is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered June 4, 1986 is reversed insofar as appealed from, on the facts, and in the exercise of discretion, without costs or disbursements, and the visitation schedule as set forth in the separation agreement of the parties dated August 19, 1981 is reinstated.

Although we find both parties to be loving and fit parents we agree with the Supreme Court's determination that physical custody of the parties' infant son should remain with the plaintiff mother. We recognize that the parties' son, who was eight years old at the time the orders appealed from were entered, voiced a desire to live with the defendant father, but note that this preference is not determinative in light of the child's age, maturity and the potential influence which has been exerted upon him *(see, Eschbach v Eschbach,* 56 NY2d 167, 173).

However, we disagree with the court's schedule of visitation as set forth in the order entered June 4, 1986. We find that the original visitation schedule, as agreed upon by the parties in their 1981 separation agreement and which survived the divorce judgment, is in the best interest of the child. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.