■ Cecil McFarlane, Appellant, v Elizabeth A. McFarlane, Respondent.—In a proceeding for modification of a visitation order of the Family Court, Westchester County, dated February 8, 1985, the petitioner appeals from so much of an order of the same court (Barone, J.), entered April 15, 1988, as forbade him to take the parties' minor children to his house of worship during scheduled visits with him.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent and Law Guardian on behalf of the children.

The parties herein were divorced in 1983 and the respondent mother was granted custody of the parties' minor daughters, now aged 14 and 10, respectively. The children have been raised in their mother's religion, Roman Catholicism. The petitioner is a Jehovah's Witness. The petitioner had been granted overnight visitations with his children pursuant to the February 1985 order of the Family Court. During such scheduled visitation periods the petitioner brought the children to his place of worship. This action caused the older daughter to refuse to visit the petitioner. In addition, the younger daughter has stated that she does not want to attend religious services with her father.

In August 1987 the petitioner filed a petition with Family Court seeking, *inter alia,* to modify the prior visitation order to permit additional time with his daughters. The children's Law Guardian requested that any amended visitation agreement contain a provision whereby the children would not visit the petitioner on Sundays and religious holidays. Thereafter, the parties and the Law Guardian agreed to stipulate to an amended visitation agreement which included such a provision. On March 18, 1988, the stipulation was read into the court record by counsel for the respondent mother, but he omitted mention of the parties' agreement that visitation with the father would not take place on Sundays or religious holidays, and that the children would not be taken to his place of worship. The petitioner subsequently submitted a proposed order to the Family Court which embodied the stipulation entered on the record. The court amended the proposed order to reflect the parties' agreement regarding religion. The petitioner objects to the court's amendment.

A stipulation can be amended on the grounds of mutual or unilateral mistake *(Matter of Frutiger,* 29 NY2d 143, 150). The court properly exercised its discretion by amending the visitation order to reflect the full extent of the parties' original

agreement regarding religious worship. Moreover, the amendment reflected the court's concern for the promotion of stability in the children's life-style *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

The remaining issues raised by the petitioner are not preserved for appellate review. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.