■ In the Matter of HERSHELL M., Respondent, v PETER-GAYE M., Appellant. [625 NYS2d 254] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (DeMaro, J.), dated May 12, 1992, which awarded custody of the parties' minor child to the father and granted visitation rights to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The evidence before the Family Court clearly indicates that the mother cannot provide a stable home environment for the parties' minor child. The mother moved at least eight times within the three and one-half years of the child's life. In addition, she changed her career goals several times; she had five different jobs within the same three-and-one-half-year period; and, at one point, she petitioned the court to permit

her to move to Florida despite the fact that she did not have any job prospects or a place to live in Florida. Moreover, there is evidence in the record that the child has not adjusted well to the constant changes in her mother's living situation.

The father, on the other hand, has lived in his mother's home for 14 years except when he was away at college. He has attempted to maintain employment in his chosen profession, i.e., freelance medical illustration. When he could not maintain freelance employment, he found other employment. The child has her own room in her paternal grandmother's house, and the record indicates that she looks forward to spending time there.

Since it is in the child's best interests that she live in a stable home environment, the Family Court did not improvidently exercise its discretion by awarding custody of the child to the father and by granting the mother liberal visitation rights (see, Friederwitzer v Friederwitzer, 55 NY2d 89; see also, Eschbach v Eschbach, 56 NY2d 167, 173-174). Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.