■ In the Matter of VIRGINIA PACHECO, Appellant, v MELINDA MORALES et al., Respondents. [772 NYS2d 541]—In a child custody proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Freeman, J.), dated September 30, 2002, as, after a hearing, denied her petition seeking custody of her grandson.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Many factors are involved in determining what is in the best interests of a child in a custody case (*see Eschbach v Eschbach,* 56 NY2d 167, 172-173 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982], *citing Nehra v Uhlar,* 43 NY2d 242 [1977]). Pursuant to Family Court Act §§ 251 and 252, one of the tools that a court may use in determining what is in the best interests of a child is a forensic evaluation of any person within its jurisdiction or the parent of any child within its jurisdiction. However, under the circumstances of this case, the court's refusal to order a forensic evaluation of the foster mother was a provident exercise of its discretion.

The appellant's remaining contentions are without merit. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.

■ In the Matter of DONNA PAGAN-FISHER, Respondent, v JESUS PAGAN, Appellant. [772 NYS2d 542]—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated November 25, 2002, which, in effect, granted the mother's violation petition and found him to be in contempt for his wilful failure to comply with an order of the same court (Watson, H.E.), dated June 1, 2001, which required him to pay child support at the rate of $250 weekly and sentenced him to 60 days of weekends in jail.

Ordered that the order is affirmed, without costs or disbursements.

The finding that the father was in wilful contempt of the order dated June 1, 2001, on the ground that he was chronically late in paying his child support is supported by clear and convincing evidence (*see Matter of Powers v Powers,* 86 NY2d 63, 68 [1995]; *Matter of Bickwid v Deutsch,* 229 AD2d 533, 535 [1996]).

The father's remaining contentions are without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.