■ BERNADETTE HUTTER, Appellant, v RAYMOND HUTTER, Respondent. [839 NYS2d 541]—

In an action for a divorce and ancillary relief, the mother appeals, by permission, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated March 7, 2007, as, after a nonjury trial, in effect, granted the father's oral motion, in effect, to vacate so much of a so-ordered stipulation dated November 24, 2003, pursuant to which the parties agreed that the mother would have custody of the parties' child, and awarded the father custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Custody determinations are ordinarily a matter of discretion for the trial court, and its determination, based upon a first-hand assessment of the parties, their credibility, character, and temperament, should be accorded great deference on appeal (*see Matter of Krebsbach v Gallagher*, 181 AD2d 363 [1992]). The trial court's determination that it is in the child's best interest to transfer his custody from the mother to the father has a sound and substantial basis in the record.

We recognize that "[p]riority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded to the first custody awarded in litigation or by voluntary agreement" (*Matter of Nehra v Uhlar*, 43 NY2d 242, 251 [1977]), based upon the belief that the stability this policy will assure in the child's life is in the child's best interest (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Nevertheless, under the circumstances of this case, the mother and the Law Guardian overstate the likelihood of disruption in the child's life resulting from the transfer of custody from the mother, with whom, by virtue of the parties' agreement, the child has resided since the parents separated.

The child spent the first five years of his life in the home where the father resides, and has regularly visited with the father there since the parents separated. He attended parochial school near there, and recently attended religious instruction and received his first communion at the church affiliated with that same school. There was evidence that the child had friends and relatives in the father's neighborhood. Moreover, we find no basis to disturb the trial court's findings that the father has demonstrated more stability than the mother, and that the mother tended to make unilateral decisions concerning the child.

The mother argues that a so-ordered stipulation that the parties entered into during the litigation, pursuant to which they agreed that the mother would have custody, was the law of the case. That argument is not properly before this Court, as it was made for the first time on appeal. The argument is without merit in any event. "No agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interest" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.