■ In the Matter of JOHN W., Respondent, v MELISSA G., Appellant. [9 NYS3d 868]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about January 27, 2014, which, to the extent appealed from as limited by the briefs, awarded petitioner father sole physical and legal custody of the child, unanimously affirmed, without costs.

In awarding sole physical and legal custody to the father, the court properly took into account the best interests of the child based on its review of the totality of the circumstances (*Eschbach v Eschbach*, 56 NY2d 167, 172-174 [1982]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.

■ ANTOINE KHALIFE et al., Appellants, v AUDI SARADAR PRIVATE BANK SAL, Respondent. [11 NYS3d 573]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 19, 2014, dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered June 9, 2014, which granted defendant's motion to dismiss the complaint in its entirety for lack of personal jurisdiction, forum non conveniens, and failure to plead foreign law under CPLR 3016 (e), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly determined that it lacks personal jurisdiction over the defendant bank because there was no articulable nexus or substantial relationship between the securities transactions executed through defendant bank's omnibus trading account with a US bank account and the freezing of plaintiffs' bank accounts in Lebanon by defendant bank and the Lebanese authorities. Further, none of the four causes of action alleged by plaintiffs contain any element relying upon the US securities transactions (*see Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 340-341 [2012]). Instead, all four claims are based solely upon actions taken by defendant bank in Lebanon.

In light of the lack of personal jurisdiction, we need not determine whether the complaint was subject to dismissal on forum non conveniens or CPLR 3016 (e) grounds (*see Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 579 [1980]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.