# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**34**
**CAF 14-00567**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF DALE A. MAKOWSKI,
PETITIONER-RESPONDENT,

               V                            MEMORANDUM AND ORDER

LISA M. MAUERMAN, RESPONDENT-APPELLANT.
----------------------------------------
IN THE MATTER OF DALE A. MAKOWSKI,
PETITIONER-RESPONDENT,

               V

LISA M. MAUERMAN, RESPONDENT-APPELLANT.
----------------------------------------
IN THE MATTER OF LISA M. MAUERMAN,
PETITIONER-APPELLANT,

               V

DALE A. MAKOWSKI, RESPONDENT-RESPONDENT.
----------------------------------------
IN THE MATTER OF DALE A. MAKOWSKI,
PETITIONER-RESPONDENT,

               V

LISA M. MAUERMAN, RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

SHARON OSGOOD, BUFFALO, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.

MELISSA A. REESE, ATTORNEY FOR THE CHILD, CHEEKTOWAGA.

---

    Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered August 30, 2013 in proceedings pursuant to Family Court Act article 6.  The order, among other things, granted sole custody of the parties' child to Dale A. Makowski.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these proceedings pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that, among other things, awarded petitioner-respondent father sole custody of the parties' child. Contrary to the mother's contention that she was deprived of a fair hearing because of certain erroneous evidentiary rulings, we conclude that any errors are harmless (*see Sheridan v Sheridan*, 129 AD3d 1567, 1567; *Matter of Higgins v Higgins*, 128 AD3d 1396, 1397; *see generally* CPLR 2002). Furthermore, according due deference to Family Court's assessment of witness credibility, we conclude that the court's determination to award sole custody of the child to the father with liberal visitation to the mother is supported by a sound and substantial basis in the record (*see Matter of DeNise v DeNise*, 129 AD3d 1539, 1540; *see generally Eschbach v Eschbach*, 56 NY2d 167, 172-174).

Entered: February 11, 2016                    Frances E. Cafarell
                                              Clerk of the Court