Matter of Ramsezs L. (Frances Arkeyna L.--Lennice G. E.) (2018 NY Slip Op 00008)





Matter of Ramsezs L. (Frances Arkeyna L.--Lennice G. E.)


2018 NY Slip Op 00008


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5320 5319

[*1]In re Ramsezs L., A Child under Eighteen Years of Age, etc., Frances Arkeyna L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Lennice G., E., Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Law Offices of Sergio Villaverde, PLLC, New York (Sergio Villaverde of counsel), for Lennice G., E., respondent.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for Administration for Children's Services, respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Orders, Family Court, New York County (Christopher W. Coffey, Referee), entered on or about April 14, 2016, which, after a hearing, terminated the subject child's placement with the Administration for Children's Services and awarded custody of the subject child (DOB 2/11/10) to his paternal aunt, and denied and dismissed the petition for custody by the child's maternal grandmother and step-grandfather, unanimously affirmed, without costs.
The Referee's determination that an award of custody of the subject child to his paternal aunt rather than to his maternal grandmother and step-grandfather was in the child's best interests and would best promote his welfare and happiness has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Ernestine L. v New York City Admin. for Children's Servs., 71 AD3d 510 [1st Dept 2010]).
The Referee properly considered the factors of quality of the home environment and parental guidance, financial status and ability to provide for the child, and ability of each petitioner to provide for the child's emotional and intellectual development, taking into account his individual needs (Eschbach, 56 NY2d at 172).
The Referee considered the totality of the circumstances, which included the child's special needs, the paternal aunt's long career in the field of special education and her experience in raising and providing parental guidance to two biological children, a number of relatives and several foster children, as well as the maternal grandmother's criminal record, history of drug abuse, and her parenting of the child's mother, who was, at the time of the proceedings, incarcerated, and properly concluded the aunt was better equipped to identify and address the child's educational and emotional needs, to provide a stable and healthy home environment for the child (Matter of Dedon G. v Zenhia G., 125 AD3d 419 [1st Dept 2015]), and best equipped to provide him guidance and a better opportunity to pursue higher education (Elba M. v Alba R., 213 AD2d 362 [1st Dept 1995]).
We hold that, for the reasons detailed in his opinion, the Referee properly concluded that, although the grandparents were not "unfit," they were "less fit" custodians for the child (Eschbach, 56 NY2d at 174).
As the Referee also recognized, an award of custody to either petitioner would have disrupted the child's life since, by the time the order was issued, he had never lived with either petitioner, and had been living in his most recent foster placement for over a year. The Referee endeavored to mitigate the disruption by ordering frequent and liberal visitation with the grandparents and requiring the aunt to pay for the child to visit them in New York at least once each year. The disruption caused by the child's relocation to the Virgin Islands will ultimately be outweighed by the benefits of being in the aunt's care.
Whether or not the mother, who was not the child's custodial parent before the proceedings began and who did not seek custody in the course of the proceedings, has standing to appeal (see e.g. Matter of Valenson v Kenyon, 80 AD3d 799 [3d Dept 2011]), she has shown no grounds to reverse the orders.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK