Alexander C.E. v Anne Y.E. (2019 NY Slip Op 07501)





Alexander C.E. v Anne Y.E.


2019 NY Slip Op 07501


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10117 350433/04

[*1] Alexander C.E., Plaintiff-Respondent,
v
Anne Y.E., Defendant-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Anne Y.E., appellant pro se.
Kanfer & Holtzer, LLP, New York (Mark M. Holtzer of counsel), for respondent.
Fink & Katz PLLC, New York (Philip Katz of counsel), attorney for the child.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered April 19, 2019, which, following a hearing, modified the parties' judgment of divorce to grant petitioner sole legal and physical custody of the child and permit him to relocate to Cincinnati, Ohio with her, and set forth a visitation schedule for defendant, unanimously affirmed, without costs.
It was uncontroverted that there had been a sufficient change of circumstances to warrant a modification of custody. Plaintiff established that his having sole legal and physical custody would be in the child's best interests (see Matter of Sergei P. v Sofia M., 44 AD3d 490 [1st Dept 2007]). The hearing evidence shows that plaintiff is better able to provide a stable home environment for the child and is more capable of addressing and meeting the child's emotional, social and intellectual needs. Defendant's demonstrated deteriorating mental health, poor judgment, and lack of insight into her own irrational behavior render her unable to offer the child proper parental guidance. Moreover, the child, who was 14 years old when the order was issued, expressed a preference for living with plaintiff (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]).
Defendant contends that the forensic evaluator's testimony and report were biased, warranting reversal and a new trial. However, it is apparent from his testimony that the evaluator appropriately analyzed the evidence presented to him and issued a report consistent with the evidence. His conclusions that defendant lacked insight, was unable to accept responsibility for her actions, and was incapable of fostering the child's best interests were supported by the information he obtained during his forensic evaluation. Moreover, the trial court's decision was based on more than just the forensic evaluator's testimony.
The hearing evidence amply supports the grant of permission to plaintiff to relocate with the child (see Matter of Tropea v Tropea, 87 NY2d 727, 739, 740-741 [1996]).
The visitation schedule is in the child's best interests. The stated goal of the court's [*2]parenting plan was to enable defendant to "return to stable ground." Given defendant's past erratic behavior and failure to adhere to court orders, it would have been imprudent to allow defendant overnight or unsupervised visits before determining her progress toward that goal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK