Matter of Devin C. v Chantelle R. (2019 NY Slip Op 08500)





Matter of Devin C. v Chantelle R.


2019 NY Slip Op 08500


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10416

[*1] In re Devin C., Petitioner-Respondent,
v
Chantelle R., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Aleza Ross, Patchogue, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about October 20, 2017, which granted petitioner father sole legal and physical custody of the subject children, unanimously affirmed, without costs.
The court's determination, after a full evidentiary hearing, that the award of sole legal and physical custody to the father would serve the best interests of the children has a sound and substantial basis in the record (see Domestic Relations Law § 70[a]; Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). The evidence shows that while both parties have cared for the children, the children have lived with the father since February 2016, and he takes care of their physical, emotional, financial, educational, and medical needs. He has enrolled the children in school, updated their immunizations, moved them to a spacious home, and enrolled them in numerous activities. The evidence also showed that respondent mother's history does not necessarily reflect that she would provide a more stable home environment (see Matter of Celina S. v Donald S., 133 AD3d 471 [1st Dept 2015]). The court credited the evidence that showed that the mother was incarcerated for a short time in 2013 resulting in the father taking care of the children. She also failed to have the children immunized in a timely manner, would disappear for short periods of time while the children were visiting with their father, and chose to move away from the father to Pennsylvania.
While there was some evidence that the mother was more likely to foster a continued relationship between the children and their father, this one factor is not determinative and the court must consider the totality of the circumstances (Eschbach at 173-174; Melissa C.D. v Rene I.D., 117 AD3d 407, 408-409 [1st Dept 2014]). Furthermore, there was no indication that the father would not follow a court-ordered visitation schedule or
would violate a court order regarding phone and video contact with the mother.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK