Matter of Ramon R. v Carmen L. (2020 NY Slip Op 06727)





Matter of Ramon R. v Carmen L.


2020 NY Slip Op 06727


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Docket No. V-268-71/15 163/11 Appeal No. 12387 Case No. 2019-3075 

[*1]In the Matter of Ramon R., Petitioner-Appellant,
v
Carmen L., Respondent-Respondent. 


Larry S. Bachner, New York, for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Ameya S. Ananth of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the children.



Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered on or about December 17, 2018, which granted respondent mother's application for sole custody of the subject children and leave to relocate to Colorado with the children, with parenting time to petitioner father, unanimously affirmed, without costs.
The record supports the court's determination that awarding sole custody to the mother and permitting her to relocate with the children to Colorado is in the children's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]; Matter of Melissa Marie G. v John Christopher W., 73 AD3d 658 [1st Dept 2010]). The court found the father's testimony incredible and properly considered the mother's testimony at an emergency hearing on relocation, as well as the testimony of the subject children and their older siblings at a Lincoln hearing. The evidence supported the court's finding that the mother, who had been the children's primary caregiver, was better able than the father to provide a consistent and stable home environment for the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Permanent relocation from New York, where the mother had been living in shelters with the children after fleeing domestic violence by the father, to Colorado would enhance the lives of the children. In Colorado, the children also had the benefit of continuing their relationship with their older siblings, who turned 18 during the proceedings. Furthermore, the children are well-established in their community and school.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020