Matter of Nicolas Jude B. (Rosetta B.) (2021 NY Slip Op 03400)





Matter of Nicolas Jude B. (Rosetta B.)


2021 NY Slip Op 03400


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. G-19617/18 Appeal No. 13955 Case No. 2020-01215 

[*1]In the Matter of the Guardianship and Custody of Nicolas Jude B., A Dependent Child Under Eighteen Years of Age, etc., ROSETTA B., Petitioner-Respondent, Administration for Children's Services, Respondent-Respondent, Michelle B., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about January 22, 2020, which, after a hearing, granted petitioner foster mother's petition to be appointed kinship guardian of the subject child, unanimously affirmed, without costs.
In 2008, the biological mother was found to have neglected the child by failing to comply with mental health services and meet the child's special developmental needs. The child was subsequently placed in the care of the foster mother when the child was approximately four years old and has remained in her care for over 10 years.
The evidence established that extraordinary circumstances existed as a result of the prolonged separation between the biological mother and child (see Matter of Caron C.G.G. [Alicia G.-Jasmine D.], 165 AD3d 476 [1st Dept 2018]; Matter of Dianne M. v Princess R.F., 82 AD3d 481 [1st Dept 2011]). Although more than 10 years had passed since the finding of neglect, the biological mother failed to gain insight into or even acknowledge the conditions that led to the child's removal from her home. Instead, she denied any mental health-related issues and maintained that the child remained in foster care because the agency wanted to fraudulently collect foster care payments from the government. Furthermore, her contact with the child continued to be limited to telephone calls and daytime visits in the community because she refused to allow a caseworker to conduct a home visit. Additionally, the biological mother made minimal progress with her service plan. At the time of the fact-finding hearing, she had not been in touch with the agency for approximately six months. Even prior, she failed to attend the family team meetings and provide the agency with any information about her compliance with mental health services.
The totality of the circumstances demonstrated that the award of guardianship to the foster mother was in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). She provided a stable home and had cared for the child since the child was approximately four years old and was committed to continuing to do so in the future. Additionally, although not determinative, the child expressed a strong preference to reside with the foster mother, even though the child did not wish to be adopted by her (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). The biological mother asserts that the Family Court erred in admitting the 2016 mental health report because she was denied the opportunity to cross-examine its author. This contention was never raised during the fact-finding hearing and is unpreserved for appellate review. In any event, the biological mother could have provided records or testimony from her current mental health provider regarding her diagnosis, medication management, treatment plan, and prognosis, which she failed to do.
Finally, the disposition of a prior petition to terminate parental rights in 2013, which was favorable [*2]to the biological mother, does not preclude the findings in this later kinship guardianship proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021