■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOANNE REPETTI, Respondent, v ROBERT REPETTI, Appellant.—In a habeas corpus proceeding in which the petitioner mother seeks custody of the three oldest children of the marriage, in which the appellant cross-petitioned for an award of custody of the two youngest children, he appeals from a judgment of the Supreme Court, Suffolk County, dated September 10, 1975, which, *inter alia,* sustained the writ and denied the cross petition, except from so much thereof as awarded a counsel fee. Judgment modified, on the law and facts, by (1) deleting from the first decretal paragraph thereof the word "sustained" and substituting therefor the word "denied", (2) deleting the fourth decretal paragraph thereof, (3) deleting the third decretal paragraph thereof and substituting therefor a provision that custody of the infants Jodi Repetti, Robert Repetti, Jr., and Leo Repetti is awarded to appellant and that custody of Anthony Repetti and Michael Repetti is awarded to petitioner, (4) deleting the fifth decretal paragraph thereof and substituting therefor provisions that (a) petitioner shall have visitation rights with the infants Jodi Repetti, Robert Repetti, Jr., and Leo Repetti on one day of alternate weeks, either Saturday or Sunday, from 9:00 A.M. to 9:00 P.M. at

her home and (b) appellant shall have visitation rights with the infants Anthony Repetti and Michael Repetti on one day of the other alternate weeks, either Saturday or Sunday, from 9:00 A.M. to 9:00 P.M. at his home and such said visitation shall be unrestricted as to the presence of another woman to whom appellant is not related and (5) deleting from the sixth decretal paragraph thereof the amount "$500.00" and substituting therefor the amount "$200". As so modified, judgment affirmed insofar as appealed from, without costs. The three older children, Jodi, Robert, Jr., and Leo are 16, 15 and 13 years old, respectively. From our examination of the *in camera* transcript, we note that Jodi and Robert, Jr., have expressed, in the strongest possible terms, their desire to live with their father (as they have been doing since January, 1975). Leo's preference to live with his father, while not as strong, is based upon his desire to live with Robert, to whom he feels very close. The two youngest children have always lived with their mother. The determination of the issues herein does not depend on the circumstances leading to the separation of the parties, or upon who was at fault. The fault of appellant vis-a-vis petitioner is plain. However, the three older children are sufficiently advanced in age to truly express their own preferences (cf. *Hughes v Hughes,* 37 AD2d 606; *Pact v Pact,* 70 Misc 2d 100). Under the particular circumstances of this case, we believe that to disregard their wishes would seriously affect the emotional and mental health of the three older children. We find that the best interests of the two youngest children require that they remain with their mother. We further find that it is important that the five children be together at least one day each week, alternately at the two homes, and that their presence at their father's home should not be conditioned upon the absence of "another woman to whom [appellant] is not related", as was the visitation provision in the judgment under review. The "woman" referred to is the mother of appellant's newly-born child; she resides with appellant, together with her own mother and a son of a prior marriage. Aside from the irregularity of the relationship of appellant and the woman with whom he lives (which, of course, we do not condone, despite appellant's stated desire to marry her if his wife would sue for divorce), the household appears to present a propitious atmosphere for the children. The moral effect this unfortunate situation may have on the children will not be abated by forcing the older children to live, in sullen resentment, with the other parent, or by forcing this woman's absence when the younger children visit their father. Rabin, Acting P. J., Hopkins and Brennan, JJ., concur; Martuscello and Munder, JJ., dissent and vote to affirm the judgment, upon the opinion of Mr. Justice Orgera at Special Term.