■ ROBERT PORGES, Appellant, v IRENE PORGES, Respondent.—In a proceeding to obtain permanent custody of children, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, entered September 27, 1977, as directed that custody of one of the children, Justine Porges, be awarded to respondent and permitted respondent to have unsupervised visitation with the other child, Hillary Porges, whose custody was awarded to petitioner. By order dated March 6, 1978, this court remitted the proceeding to Special Term for the making of findings of fact and conclusions of law, and the appeal has been held in abeyance in the interim *(Porges v Porges,* 61 AD2d 980). The findings of fact and conclusions of law have been received by this court. Judgment modified, on the facts, by adding thereto a provision that respondent's visitation with Hillary Porges shall be supervised. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and proceeding remitted to Special Term for the appointment of a supervisor for such visitation. We agree with Special Term that it is in the best interests of the children to award custody of Hillary Porges to the petitioner father and to

award custody of Justine Porges to the respondent mother. Respondent has demonstrated a close and caring relationship with Justine. They have resided together for the past year and there is no reason to uproot the child with another change of custody. Hillary, on the other hand, has been living with the petitioner for almost two years. Their relationship is quite close and petitioner has demonstrated an ability and willingness to retain custody of Hillary. A reading of the record reveals a breakdown of the relationship between Hillary and respondent. Respondent's behavior has been characterized by intermittent harassment of the child. For this reason, Special Term should appoint a suitable supervisor for their visits. Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.