■ BARBARA R. SANDMAN, Respondent, v PAUL G. SANDMAN, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County, entered November 17, 1977, as (1) granted a divorce to the plaintiff and dismissed his counterclaim for a divorce, (2) awarded alimony of $75 per week and (3) awarded custody of one of the children of the marriage to the plaintiff. Judgment affirmed insofar as appealed from, with costs. The principle issue raised on appeal is whether it was proper to separate the children of the parties by awarding custody of the son to the mother and custody of the daughter to the father. Of course, the primary consideration in resolving this issue is the best interests of the children. Under the circumstances of this case, the awarding of custody of one child to each of the parents was proper (cf. *Porges v Porges,* 63 AD2d 712). The son, age 12, has resided with his mother since the initial separation of the parties in 1973. Absent abuse, long-term custody should not be disturbed (cf. *Obey v Degling,* 37 NY2d 768, 770). No proof was shown that the mother has abused her son. On the contrary, she has demonstrated an ability and a willingness to care for her son and has fostered a loving relationship with him. Therefore, custody of the son was properly awarded to the mother. However, the daughter, age 14, has chosen to live with her father. She has resided with him since February, 1977. Apparently the mother and daughter have become estranged and the daughter has requested that she be allowed to continue to live with her father. Regardless of fault, the alienation between the mother and daughter requires that they reside apart and thus the Trial Justice properly awarded custody of the daughter to the father. The daughter is sufficiently mature to have her preferences given serious consideration (see *People ex rel. Repetti v Repetti,* 50 AD2d 913). Moreover, the father has demonstrated concern for his daughter's well-being and future and has acquired proper facilities in which to raise her. In addition, sufficient visitation between the children has been ordered in recognition of the siblings' need for association. Thus there is no basis upon which the trial court's determination with respect to custody can be considered improper. We have considered the other arguments raised on appeal and find them to be without merit. Hopkins, J. P., Martuscello, Damiani and Rabin, J., concur.