■ DONALD ESCHBACH, Respondent, v RITA ESCHBACH, Appellant. — In a matrimonial action in which plaintiff husband was granted a judgment of divorce, defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated March 11, 1981, which, *inter alia,* upon plaintiff husband's motion, modified the judgment of divorce by awarding exclusive custody of the parties' three infant children to plaintiff and denied defendant's cross motion for an upward modification of the child support payments. Judgment modified, on the law and the facts, by (1) deleting the second and third decretal paragraphs thereof and substituting therefor a provision modifying the judgment of divorce by

granting exclusive custody only of the parties' two older children to plaintiff and (2) adding to the fourth decretal paragraph thereof, after the word "Defendant" the following "and plaintiff". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Insofar as Special Term awarded custody of the parties' two older children, presently 15 and 17 years of age, to plaintiff we agree. We note the antagonism those children have toward defendant and their strong preference to live with plaintiff (see *Sandman v Sandman,* 64 AD2d 698). As to the youngest child, presently 11 years of age, we cannot agree that it would be in her best interest to be placed in plaintiff's custody (see *Sandman v Sandman, supra).* This child has continuously resided with defendant, and there is nothing to suggest that defendant has been anything but a fit parent toward her. Too much emphasis, however, cannot be placed on the need for sufficient visitation in order to foster association among the siblings. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.