■ In the Matter of Tonya P. James, Appellant, v Andre James, Respondent. [631 NYS2d 316] —Order, Family Court, New

York County (Leah Ruth Marks, J.), entered on or about April 7, 1994, which, after a hearing, denied petitioner mother's application for custody of her two children, but granted her visitation, unanimously affirmed, without costs.

Under the totality of the circumstances, based on the hearing testimony and an in camera interview with the children, Family Court properly determined that the best interests of the children would be served by respondent father's retention of custody (*Eschbach v Eschbach*, 56 NY2d 167, 171, 173). It is not disputed that the full-time employed respondent, with the assistance of his mother, has provided a decent home for the children and met their medical and educational needs. Petitioner acknowledged that she had willingly allowed the children to live with respondent at one point after the parties' separation in order that she could attend school, only vaguely suggested that a place might be available for the children at her and her boyfriend's apartment or at her mother's apartment should she be granted custody, and could only speculate that she would find a better job after going back to school again. Petitioner's contention that respondent uses illegal drugs is not supported by any evidence that he still does so, and his attendance at a drug treatment program is not disputed. Finally, we note that although petitioner was denied custody, she was awarded visitation rights on alternating weekends and for a full month each summer. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.