■ In the Matter of MARK McFADDEN, Respondent, v MICHELLE R. WILSON, Appellant. [646 NYS2d 43] —In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Freundlich, J.), entered December 15, 1994, as awarded custody of the parties' child to the father and allowed the father to relocate the child to North Carolina.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who were never married, are the parents of a

preschool-aged son. The son lived with his mother until September 1994, when, concerned because the mother planned to put another child up for adoption, the father brought the son to North Carolina to live with him. The father thereafter commenced this proceeding to gain custody of the son.

The Family Court held a fact-finding hearing and concluded that it was in the son's best interests to be in the custody of the father in North Carolina. The court awarded custody to the father and granted liberal visitation rights to the mother. We affirm.

The child at issue was one of eleven children living in his mother's house, and the house was not well cleaned. In his father's home, however, the child had his own bedroom and the undivided attention of a full-time caretaker, his father's new wife, who did not work outside of the home. Given these circumstances, together with the mother's youth and admitted inability to cope with the increasing size of her family, the court was justified in determining that it was in the child's best interests to live with his father in North Carolina (see, *Matter of Tropea v Tropea*, 87 NY2d 727; *Eschbach v Eschbach*, 56 NY2d 167). Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.