Matter of Dondre R.J.H. v Rashida S. (2018 NY Slip Op 03215)





Matter of Dondre R.J.H. v Rashida S.


2018 NY Slip Op 03215


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6463

[*1]In re Dondre R.J.H., Petitioner-Appellant,
v
Rashida S., et al., Respondents-Respondents.


Dora M. Lassinger, East Rockaway, for appellant.
Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), and Loeb & Loeb LLP, New York (C. Linna Chen of counsel), attorneys for the children.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about October 19, 2016, which dismissed the custody petition, unanimously affirmed, without costs.
In reviewing custody issues, deference is to be accorded to the determination rendered by the fact-finder, unless it lacks a sound and substantial basis in the record (Yolanda R. v Eugene I.G., 38 AD3d 288, 289 [1st Dept 2007]). We find that the order on appeal has a sound and substantial basis in the record, and neither petitioner nor the attorney for the child (AFC) presents grounds to reverse.
We disagree that the order resulted from the court's erroneous over-emphasis on petitioner's financial status. Instead, we view the order as the outgrowth of the court's reasonable appraisal of petitioner's testimony about his stage of life. Petitioner, who, at the time of the hearing, was about to turn 21 years old, testified that he held a part-time job and was in the process of deciding whether to try to go back to school or, instead, try to get a second job, and the court reasonably construed his testimony as proof that he was not in a position to assume custody of his sibling Dallas [FN1]. His near-total financial dependence on his mother only buttressed that conclusion (cf. Matter of Stent v Schwartz, 133 AD3d 1302 [4th Dept 2015], lv denied 27 NY3d 902 [2016]). Moreover, the court was also appropriately concerned whether petitioner was equipped to assume sole responsibility for his sister's medical care, given testimony about her special needs.
Further, and whether or not the requisite "extraordinary circumstances" to allow an award of custody to a non-parent exist here, petitioner and AFC do not further show, as petitioner must (see Matter of Suarez v Williams, 26 NY3d 440 [2015]; Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]), why a change in custody is necessary to advance or protect Dallas's best interests (see Matter of Lawrence C. v Anthea P., 79 AD3d 577 [1st Dept 2010]), the consideration that must guide any custody determination (Eschbach v Eschbach, 56 NY2d 167 [1982]).
Petitioner is already involved, at least to a point, in his sister's education and medical care. To the extent her mother may occasionally attend parent-teacher conferences and take her to medical appointments, petitioner's counsel stated this was not because petitioner has been barred from doing so, but because he did not "feel" he had the right to assume greater responsibility in these realms. Yet neither petitioner nor AFC cite any instances where petitioner sought to be involved with, or make a decision about Dallas's education or medical care but, due [*2]to his legal status, was thwarted from so doing. Nor do either of them cite any issues that have arisen as a result of the mother's involvement in Dallas's education and medical care.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK



Footnotes

Footnote 1:The other sister of whom petitioner has sought custody has turned 18, and the appeal as to her is now moot.