Matter of Ivan J. v Kathryn G. (2018 NY Slip Op 06188)





Matter of Ivan J. v Kathryn G.


2018 NY Slip Op 06188


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7139

[*1]In re Ivan J., Petitioner-Appellant,
v
Kathryn G., Respondent-Respondent.


Law Office of Elisa Barnes, New York (Elisa Barnes of counsel), for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Carol L. Kahn, New York, attorney for the child.



Order, Family Court, Bronx County (Brenda Rivera, J.), entered on or about November 8, 2017, which, insofar as appealed from as limited by the briefs, after a trial, denied the father's petition for custody of the subject child and granted the mother's petition for custody and relocation to Florida, unanimously affirmed, without costs.
In reviewing relocation and other custody issues, we defer to the determination rendered by the factfinder, "unless it lacks a sound and substantial basis in the record" (Matter of Salena S. v Ahmad G., 152 AD3d 162 [1st Dept 2017], quoting Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008] [internal quotation marks omitted]). Where, as here, there has been no prior custody order at the time of the parent's relocation, the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 739 [1996]) do not govern, and relocation should be considered as one factor in determining the child's best interests (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 (1st Dept 2016).
We decline to disturb Family Court's award of custody to the mother, as it has a sound and substantial basis in the record and was issued on the basis of first-hand observations of the parties and their credibility over nine days of testimony.
In assessing the relative stability of the parties' homes, the court acknowledged that the mother, after repeated relocations with the subject child and her other children, was living with her mother in an admittedly temporary situation. However, her plan for caring for the child reflected an ability and willingness to be regularly and fully available for the child in ways that the father cannot or does not (see Andrews v Andrews, 74 AD2d 546 [1st Dept 1980], affd 53 NY2d 787 [1981]).
Family Court correctly determined that the mother's testimony as to her gross salary and overall employment situation at the time of trial was credible. She testified to having obtained employment with the prospect of increasing salary and responsibility, and the father presented no evidence to the contrary.
The court also appropriately deemed the child's close relationship with her sister, supported by the record, as a factor in favor of the mother's petition (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), and we disagree that the testimony suggests that the sister no longer lives in Florida. The child has siblings in New York as well, but the father and his witnesses presented minimal testimony about her relationship with them, in contrast to the mother's testimony about the close bond between the child and her sister.
The absence of a probation report concerning an alleged domestic violence incident in Florida in the child's presence involving the mother and a former fiancé was not preserved on appeal. Even if the issue were before us, this would not change our decision, since the evidence at trial showed that the mother and her children no longer have any contact with the former fiancé.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK