Matter of Markis L. v Jacquelyn C. (2020 NY Slip Op 07672)





Matter of Markis L. v Jacquelyn C.


2020 NY Slip Op 07672


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Docket No. V-24176-06/17B Appeal No. 12664 Case No. 2019-03497 

[*1]In the Matter of Markis L., Petitioner-Respondent,
v
Jacquelyn C., Respondent-Appellant.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Bruce A. Young, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about August 6, 2019, which, inter alia, granted petitioner father's petition for modification of a prior custody order and awarded him sole legal and physical custody of the subject child subject to the mother's visitation on alternate weekends, unanimously affirmed, without costs.
The father demonstrated a sufficient change in circumstances by showing that in the last two years, he secured a stable job and home, took on responsibility for the child's medical needs, and that the mother had engaged in a physical altercation with him in front of the child. These developments when paired with the child's desire to live with the father warranted an inquiry into whether the custody order, issued in 2007 while the child was an infant, was still serving the child's best interests (see Family Ct Act § 652[a]; Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2d Dept 2011], lv denied 17 NY3d 714 [2011]).
The court's determination that primary physical custody to the father was in the best interests of the child is supported by a sound and substantial basis in the record (see Eschbach, 56 NY2d at 171; Yolanda R. v Eugene I.G., 38 AD3d 288 [1st Dept 2007]). The record, taken as a whole, established that the father was better equipped to meet the day-to-day needs of the child. The mother's contention that the new physical custody arrangement would detrimentally affect the child's relationship with her maternal half-siblings and grandmother is not supported by the record and is unpersuasive in light of the child's expressed desire to reside with the father.
The court's determination that sole legal custody to the father was in the best interests of the child is also supported by a sound and substantial basis in the record. Joint legal custody is not appropriate where the parties are unable to coparent (see Lubit v Lubit, 65 AD3d 954 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]), or where one parent has been responsible for major decisions about the child with little input or interest from the other (Matter of Johanna Del C.T. v Gregorio A.L., 178 AD3d 430, 431 [1st Dept 2019]) .
Here, the father credibly testified that the mother never sought to discuss the child's education or medical care with him, she was increasingly incapable of meeting even the child's basic needs without his assistance or assistance by the maternal grandmother, and that she sometimes lashed out at him, including physically. The father also credibly testified that he continued to encourage the child to spend time with the mother. The mother admitted that the father had been responsible for the child's medical care for the past year, could not recall the address of the child's school or the names of her teachers, and denied the impact of her mental illness on the child. Under these circumstances, the award of sole legal custody to the father [*2]had a sound and substantial basis in the record. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020