Matter of Daniel B. v Selina T. (2021 NY Slip Op 03660)





Matter of Daniel B. v Selina T.


2021 NY Slip Op 03660


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Docket No. V-12737/17 Appeal No. 14038 Case No. 2020-03932 

[*1]In the Matter Daniel B., Petitioner-Respondent,
v
Selina T., Respondent-Appellant, Administration for Children's Services, Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Steven N. Feinman, White Plains, for respondent.
Anne Reiniger, New York, attorney for the children.



Order, Family Court, New York County (Maria Arias, J.), entered on or about February 7, 2020, which, after a hearing, awarded petitioner father sole legal and physical custody of the subject children, unanimously affirmed, without costs.
The record supports the court's conclusion that awarding sole legal and physical custody of the subject children to petitioner father would be in the children's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]). The children had resided with petitioner since March 2017 and appeared to be doing well. Petitioner had found a school that provided the services required by his son, who is autistic, and maintained contact with both children's teachers, therapists and childcare providers. He had arranged for appropriate medical care, and the children were up to date with their inoculations. Petitioner stated that he was willing to have the children maintain a relationship with respondent mother. His prior criminal record, while a factor to be considered, was not dispositive, given that there is no indication of any repetition of the conduct in more than a decade and the agency terminated its supervision.
Although there are positive aspects of respondent's relationship with the children, her involvement in the lives of the children had been limited; she did not visit them on a consistent basis. Moreover, she was the subject of several neglect proceedings, including proceedings growing out of the violent behavior of the father of her youngest child toward her other children. She also permitted the father of her youngest child to remain in her home in violation of orders of protection and did not appear to appreciate the danger his behavior posed to the children. On balance, the Family Court's decision to award the father sole legal and physical custody is supported by a sound and substantial basis (Matter of Gregory L. B. v Magdelena G., 68 AD3d 478, 479 [1st Dept 2009]).
Respondent contends that the court erred in failing to provide a specific visitation schedule in its order. However, the order expressly states that a visitation order will follow. In any event, since it appears that a temporary order of visitation was issued by the court on February 23, 2021, this issue is moot.
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021