Matter of Milagros R. v Quazay S.-R. (2022 NY Slip Op 00637)





Matter of Milagros R. v Quazay S.-R.


2022 NY Slip Op 00637


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Docket No. V-47098/15, G-15789/17 Appeal No. 15184-15184A Case No. 2019-2722 

[*1]In the Matter of Milagros R., Petitioner-Appellant,
v
Quazay S.-R., et al., Respondents-Respondents.
In the Matter of Charlotte J., Petitioner-Appellant,
v
Quazay S.-R., et al., Respondents-Respondents.


Daniel R. Katz, New York, for Milagros R., appellant.
Larry Bachner, New York, for Charlotte J., appellant.
Kenneth M. Tuccillo, Hasting on Hudson, for K'Shonna J., respondent.
Steven N. Feinman, White Plains, for Quazay S. -R., respondent.
James E. Johnson, Corporation Counsel, New York (Jessica Miller of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Orders, Family Court, New York County (Susan M. Doherty, Referee), entered on or about November 27, 2018 and November 28, 2018, which, inter alia, denied the paternal grandmother's petition for custody of the subject child and granted the maternal great-great-aunt's petition for kinship guardianship of the child, unanimously affirmed, without costs.
The aunt's argument that the grandmother's appeal is untimely is unavailing. The record does not establish whether the clerk of the court mailed the orders on appeal to the grandmother (see Family Court Act § 1113).
Family Court's determination that it was in the best interests of the child to award kinship guardianship to the aunt, who has cared for the child since infancy, is supported by a sound and substantial basis in the record (see generally Eschbach v Eschbach, 56 NY2d 167, 171-172, 174 [1982]). The evidence shows that the aunt has provided a loving and stable home for the child and has insured that all her needs are met. Although the aunt is older than the grandmother, there is no evidence that her age or health has affected her ability to care for the child. While either relative could provide a loving home and care for the child, there is no reason to depart from the court's determination, made after observing both parties, that continuation of the child's placement with the aunt promotes the interest of stability in the child's life (see Eschbach v Eschbach, 56 NY2d at 171; see also Matter of Nicolas Jude B. [Rosetta B.], 195 AD3d 402, 403 [1st Dept 2021], lv denied 37 NY3d 905 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022