Matter of Saymone N. v Joshua A. (2022 NY Slip Op 00944)





Matter of Saymone N. v Joshua A.


2022 NY Slip Op 00944


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Docket No. V-24453-18/18A Appeal No. 15048 Case No. 2021-01273 

[*1]In the Matter of Saymone N., Petitioner-Respondent,
v
Joshua A., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Anne Reiniger, New York, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about April 12, 2021, which, after a virtual hearing, granted petitioner mother's application to modify a prior custody order by granting her sole legal and physical custody of the child with visitation to respondent father, unanimously affirmed, with costs.
The court had the authority to modify its hearing procedures (see Judiciary Law § 2-b). Contrary to the father's vitriol and the disdain for the hearing court exhibited by both counsel, the record is clear that the court conducted the proceedings fairly, preserving the parties' due process rights.[FN1] Given that the case had been pending since August 2018, the court providently decided to proceed with minor limitations in a virtual courtroom rather than wait until court operations returned to "normal" (see Matter of Newton v McFarlane, 174 AD3d 67, 76 [2d Dept 2019] ['The existence of custody litigation, by itself, can create trauma and uncertainty for the child, as well as trauma, uncertainty, and expense for the parents"]), especially since at the time of the hearing, there was uncertainty as to when the courts would in fact return to "normal" operations (see e.g. Bonilla v State, 71 Misc 3d 235, 239 [Ct Cl 2021] [the defendant's insistence that the parties and the court "wait out the pandemic" was untenable given that "no one can say with any assurance when in-court proceeding will again be possible"]). Moreover, the court attempted to keep counsel focused on disputed issues, rather than making lengthy presentations on irrelevant evidence and background information that was not in dispute.
The court properly found a change in circumstances, and there is a sound and substantial basis for the best interest determination (see Family Court Act § 652 [b] [ii]; Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). As to the change in circumstances, between March 2017, when the last custody order was entered, and September 2018, the order of protection against the mother expired, the mother lived with the father and the child, and the father allegedly engaged in domestic violence and assaulted a third person in front of the child (see Matter of Markis L. v Jacquelyn C., 189 AD3d 580, 580 [1st Dept 2020]). Between March 2017 and the filing of the amended petition in November 2020, the father was incarcerated for four months, during which time the mother cared for the child. These events resulted in changed circumstances.
As for the best interests of the child, the father offers no reason to disturb the court's crediting the mother's testimony that he choked her, even though it was uncorroborated, and she withdrew her family offense petition. The record also raises some concerns about his parental judgment since he committed assault in proximity of the child.
In addition, the record establishes that the mother is more likely to meet the child's needs, while the father moves often. In 2019, while in the father's care, the child had [*2]unexplained absences from kindergarten; in 2020, while in the mother's care, he attended school. The record also tends to support the mother's argument that she is more likely than the father to foster a relationship between the child and his noncustodial parent. The court considered the finding of abuse against the mother in 2014 but noted that there was "no definitive record evidence about how the injuries occurred" or that they "were caused purposely." The court also had more safety and judgment concerns regarding the father in light of his assault conviction, which "demonstrates the father's impulsivity and violence," and the fact that his poor judgment had continued, as demonstrated by his arrest in November 2020.
We do not address the father's contention that the court erred in issuing temporary custody orders without a hearing and with no showing of emergency (see Matter of Kenneth J. v Lesley B., 165 AD3d 439, 440 [1st Dept 2018]), because the
temporary orders were superseded by the final order and have expired by their terms. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 10, 2022



Footnotes

Footnote 1: Attorneys for both the mother and the father were strongly admonished in Family Court for their unprofessional behavior and were directed to review the Rules of Professional Conduct (22 NYCRR 1200.0) Rule 3.3. Rule 3.3(f)(2) and (4) direct that a lawyer appearing before a tribunal shall not engage in undignified or discourteous conduct or conduct intended to disrupt the tribunal. We note that these rules remain in effect despite or perhaps because of the frustration that may arise from having to adopt to new court procedures, necessitated in these times by Covid-19.