Matter of Wright v Metz (2024 NY Slip Op 01316)

Matter of Wright v Metz

2024 NY Slip Op 01316

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-02039
 (Docket Nos. V-2174-19/20E, V-2174-19/21F, V-2174-19/21G)

[*1]In the Matter of Allan S. Wright, respondent,
v
Devon Sloane Metz, appellant.

Gassman Baimonte Gruner, P.C., Garden City, NY (Stephen Gassman and Karen Bodner of counsel), for appellant.
Dianna LeMieux, Sea Cliff, NY, for respondent.
Tara Madden, Garden City, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated January 25, 2023. The order, insofar as appealed from, after a hearing, and upon granting the parties' respective petitions to modify the parental access provisions of certain prior custody orders, awarded the father "Regular Parenting Time" parental access with the parties' child on Sunday from 3:00 p.m. to 7:00 p.m., Tuesday at 3:00 p.m. through Thursday at 7:00 p.m., and alternating weekends from Friday at 3:00 p.m. through Sunday at 3:00 p.m.
ORDERED that the order dated January 25, 2023, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the father "Regular Parenting Time" parental access with the parties' child on Sunday from 3:00 p.m. to 7:00 p.m., Tuesday at 3:00 p.m. through Thursday at 7:00 p.m., and alternating weekends from Friday at 3:00 p.m. through Sunday at 3:00 p.m., and substituting therefor a provision awarding the father "Regular Parenting Time" parental access with the child from Wednesday at the end of the school day through Thursday at the end of the school day and on alternating weekends from Friday at the end of the school day through Sunday at 7:00 p.m.; as so modified, the order dated January 25, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child born in 2013. The parties filed respective petitions to modify the parental access provisions of certain prior custody orders, under which they were essentially awarded equal parental access with the child. In an order dated January 25, 2023, made after a hearing, and upon granting the parties' respective petitions, the Family Court set a new parental access schedule during certain holidays, summer recess, and school breaks, as well as a "Regular Parenting Time" schedule setting forth the parties' parental access with the child for the remainder of the year. As to the "Regular Parenting Time" schedule, the court awarded the father parental access on Sunday from 3:00 p.m. to 7:00 p.m., Tuesday at 3:00 p.m. through Thursday at 7:00 p.m., and alternating weekends from Friday at 3:00 p.m. through Sunday at 3:00 p.m., with the mother to have parental access with the child during the remaining portions of the week. The mother [*2]appeals from so much of the order as awarded the father parental access with the child on Sunday from 3:00 p.m. to 7:00 p.m., Tuesday at 3:00 p.m. through Thursday at 7:00 p.m., and alternating weekends from Friday at 3:00 p.m. through Sunday at 3:00 p.m. under the new "Regular Parenting Time" schedule.
When determining issues of custody and parental access, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Guerra v Oakes, 160 AD3d 855, 856). "Although the express wishes of the child[ ] are not controlling, 'they are entitled to great weight, particularly where [the child's] age and maturity would make [her or his] input particularly meaningful'" (Matter of Guerra v Oakes, 160 AD3d at 856, quoting Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117). In reviewing determinations regarding parental access, this Court's authority is as broad as that of the hearing court (see Matter of Kim v Becker, 223 AD3d 813).
Here, the Family Court properly determined, based upon the evidence presented at the hearing, that the father should continue to have substantial parental access with the child. However, so much of the new "Regular Parenting Time" schedule as awarded the father parental access with the child on Sunday from 3:00 p.m. to 7:00 p.m., Tuesday at 3:00 p.m. through Thursday at 7:00 p.m., and alternating weekends from Friday at 3:00 p.m. through Sunday at 3:00 p.m. increased the number of in-person transfers and, thus, the opportunity for conflict between the parties in the child's presence; only allowed time for the child to engage in after-school activities with the mother on Mondays and alternate Fridays; and resulted in a fragmented schedule, all contrary to the best interests of the child.
Under all of the circumstances, the father should be awarded parental access with the child under the new "Regular Parenting Time" schedule from Wednesday at the end of the school day through Thursday at the end of the school day and on alternating weekends from Friday at the end of the school day until Sunday at 7:00 p.m. "This schedule, in our view, would foster the best interests of the child by permitting the continued development of a meaningful, nurturing relationship between the father and the child, while also ensuring [among other things] that the child has stability and routine during the school year" (Matter of Yegnukian v Kogan, 179 AD3d 1082, 1085 [citations omitted]).
We therefore modify the order appealed from so as to award the father "Regular Parenting Time" parental access with the child from Wednesday at the end of the school day through Thursday at the end of the school day and on alternating weekends from Friday at the end of the school day through Sunday at 7:00 p.m.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court