Matter of Robinson v Santiago (2024 NY Slip Op 02416)

Matter of Robinson v Santiago

2024 NY Slip Op 02416

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

169 CAF 23-00254

[*1]IN THE MATTER OF MILIRA ROBINSON, PETITIONER-RESPONDENT,
v
AMIR SANTIAGO, RESPONDENT-APPELLANT. 

DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR PETITIONER-RESPONDENT. 
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered August 19, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole and primary physical custody of the subject child with visitation for respondent. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph insofar as it awarded sole legal custody of the subject child to petitioner and awarding joint legal custody of the subject child to petitioner and respondent, and by vacating the first subparagraph of the third ordering paragraph insofar as it directs the parties to modify the visitation schedule to accommodate the school year and summer visitation schedule when appropriate and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order, entered after a hearing, that, inter alia, awarded petitioner mother sole custody and primary physical residence of the subject child, who was born in 2019, with visitation to the father. Contrary to the father's contention, there is a sound and substantial basis in the record for Family Court's determination that primary physical residence with the mother is in the child's best interests (see Matter of Owens v Pound, 145 AD3d 1643, 1644 [4th Dept 2016], lv denied 29 NY3d 902 [2017]; see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). The record established that the mother "is the more stable parent with a higher quality home and is better situated to serve as a primary placement parent" (Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Honsberger v Honsberger, 144 AD3d 1680, 1680 [4th Dept 2016]).
We agree with the father, however, that the court's determination to award sole custody to the mother is not supported by a sound and substantial basis in the record. The record establishes that the mother and the father were able to cooperate with regard to raising the child and that the parties' relationship was not so " 'severely antagonistic and embattled' " as to warrant a sole custody determination (Matter of K.C. v N.C., 215 AD3d 1238, 1239 [4th Dept 2023], lv denied 40 NY3d 907 [2023], quoting Braiman v Braiman, 44 NY2d 584, 587 [1978]; cf. Matter of Christopher J.S. v Colleen A.B., 43 AD3d 1350, 1350-1351 [4th Dept 2007]). Further, the court acknowledged in its bench decision that the father should have the benefits of joint custody, and it awarded the father independent access to the child's medical and educational records and ordered the mother to consult with the father on major decisions regarding the health, safety, and welfare of the child. Under these circumstances, we conclude that the best interests of the child would be served by awarding the father and mother joint custody, and we therefore modify the order accordingly.
Finally, the father requests that the order be modified to clarify what the visitation schedule will be when the child reaches school age. In its order, the court directed the parties to modify the schedule to accommodate the school year and summer visitation schedule when appropriate, but in its bench decision, the court stated that it would award the father visitation with the child during summer and school breaks. In light of that discrepancy, we further modify the order by vacating the direction that the parties modify the schedule to accommodate the school year and summer visitation schedule when appropriate, and we remit the matter to Family Court to fashion a specific and definitive schedule for visitation during the summer and school breaks.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court