Matter of Neisha S. v Michael S. (2025 NY Slip Op 04946)

Matter of Neisha S. v Michael S.

2025 NY Slip Op 04946

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-0318
[*1]In the Matter of Neisha S., Appellant,
v
Michael S., Respondent. (Proceeding No. 1.)
In the Matter of Michael S., Respondent,
v
Neisha S., Appellant. (Proceeding No. 2.)

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Kimberly M. Wells, Glens Falls, for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.
Trinidad M. Martin, Glens Falls, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Warren County (Paulette Kershko, J.), entered January 24, 2024, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' children.
Michael S. (hereinafter the father) and Neisha S. (hereinafter the mother) are themarried parents of the two subject children (born in 2015 and 2020), both of whom are autistic. In 2020, the mother and the father separated and, for several years, the parties were able to coparent effectively by informal agreement. In April 2023, an incident occurred in which the youngest child was discovered by police after having left the father's residence without supervision in the early morning, while the father slept. The following month, the mother's relationship with the older child deteriorated, resulting in the mother bringing the child to the father's residence, where he has since remained. In May 2023, the mother filed a custody petition as to both children and, later that June, the father filed a cross-petition for primary physical custody of the children. During the pendency of the proceedings, a temporary custody order was entered upon the parties' consent under which they were given joint legal custody and shared parenting time of the children. Following a fact-finding hearing and a Lincoln hearing, Family Court awarded the parties joint legal custody as to both children and equal parenting time of the younger child. The father was granted primary physical custody of the older child, with parenting time to the mother as agreed upon by the parties. The mother appeals.
The mother contends that Family Court's grant of primary physical custody of the older child to the father is not supported by a sound and substantial basis in the record, as it impedes the child's relationships with his sibling and the mother.[FN1] In rendering an initial custody determination, the dispositive inquiry is the best interests of the child, requiring an evaluation of various factors, including "the need for stability in the child's life, the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other parent, as well as each parent's past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Mary N. v Scott M., 218 AD3d 890, 892 [3d Dept 2023]; Matter of Megan UU. v Philip UU., 193 AD3d 1287, 1288 [3d Dept 2021]). "[P]arenting time with a noncustodial parent is presumed to be in a child's best interests, and Family Court is required to craft a schedule that allows that parent frequent and regular access to the child, unless it finds that doing so would be inimical to the child's welfare" (Matter of C.M. v Z.N., 230 AD3d 1409, 1412[*2][3d Dept 2024]; see Matter of Michelle EE. v John EE., 235 AD3d 1121, 1123-1124 [3d Dept 2025]). As is pertinent here, "[a]lthough sibling relationships should not be disrupted unless there is some overwhelming need to do so, this rule is not absolute and may be overcome where the best interests of each child lie with a different parent" (Matter of Carla UU. v Cameron UU., 227 AD3d 1257, 1260 [3d Dept 2024] [internal quotation marks, ellipses and citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). "Inasmuch as Family Court is in a superior position to evaluate witness credibility, we defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of Damian R. v Lydia S., 182 AD3d 650, 651 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Leslie QQ. v Daniel RR., 232 AD3d 1086, 1088 [3d Dept 2024]).
The testimony adduced at the hearing reflects, as Family Court found, that the parties care deeply for the children, both of whom have special needs and had been initially homeschooled by the mother. It was, however, largely undisputed that the mother's relationship with the older child significantly deteriorated after he expressed his desire to cease homeschooling, attend public school and live with the father. Although the mother adamantly explained that her abrupt decision to thereafter leave the older child with the father was in deference to the child's wishes, her testimony demonstrated her lack of insight into how her failure to appropriately regulate her emotional response in front of the child, and to thereafter fail to consistently speak to or visit with him for an extended period of time, adversely impacted the child's well-being. Moreover, the mother admitted that her own transportation difficulties further hindered her ability to maintain a workable visitation schedule with the child, and the record does not reflect that she sought any adjustments to the schedule or transportation arrangements to exercise her visitation.
In contrast, the record supports Family Court's finding that the father has been willing to foster the mother's relationship with the older child, including individual and group counseling, and that the older child is doing well in his care. As to the separation of the siblings here, although not dispositive, the attorneys for both children support the father having primary physical custody of the older child (see Matter of Jesse FF. v Amber GG., 222 AD3d 1254, 1258 [3d Dept 2023]). Further, both children were reportedly doing well in their separate homes and, under the terms of the custody order, are afforded significant time together during the father's regular parenting time with the younger child. In view of the foregoing, and deferring to Family Court's factual findings and credibility assessments, we find that there is a sound and substantial basis in the record to support the custody determination [*3](see Matter of Carla UU. v Cameron UU., 227 AD3d at 1260-1261; Matter of Brandon PP. v Shalalee QQ., 216 AD3d 1263, 1267 n 5 [3d Dept 2023]; see also Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1590 [3d Dept 2023]).
Lynch, J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother does not otherwise challenge the basis of Family Court's custody order, nor does she raise concerns as the order relates to the younger child.