Matter of Johnathan S. (Chantelle S.) (2026 NY Slip Op 00013)

Matter of Johnathan S. (Chantelle S.)

2026 NY Slip Op 00013

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Docket No. V-02957/21|Appeal No. 5511|Case No. 2023-00866|

[*1]In the Matter of Johnathan S., etc., Appellant, Administration for Children's Services, Respondent; Chantelle S. Respondent.

Anne Reiniger, New York, for appellant.
Larry S. Bachner, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.

Order, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about January 26, 2023, which granted petitioner father and respondent mother joint legal and physical custody of the subject child, unanimously affirmed, without costs.
A sound and substantial basis in the record supports the court's determination that the child's best interests are met by awarding joint custody to the mother and father (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The court considered the relevant factors (see id. at 172-173), and the evidence presented at the hearing supports the court's conclusion that both parents were fit. The court appropriately fashioned a remedy which divided decision-making authority between the parents (see Matter of Michael L. v Lillian G., 231 AD3d 541, 542 [1st Dept 2024]). While the father points to facts which demonstrate his ability to parent, these facts do not warrant awarding the father sole custody as they do not establish the mother's lack of fitness. We note that a prior finding of neglect against the mother is not necessarily a bar to her being awarded custody (see Matter of D.T. [A.G.], 226 AD3d 451, 452 [1st Dept 2024]). That is especially true where, as here, the court addressed the mother's proactive and remedial measures put in place to address the circumstances which previously led to the child being removed.
As the mother did not cross-appeal, we do not consider her arguments for sole custody (see Svatovic v Svatovic, 166 AD3d 484, 488 [1st Dept 2018], lv dismissed in part, denied in part 33 NY3d 1062 [2019]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026