Matter of McDuffie v Coleman
2026 NY Slip Op 03549
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF DWANE MCDUFFIE, JR., PETITIONER-RESPONDENT,
v
TRAYLANTA COLEMAN, RESPONDENT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
282 CAF 24-00960
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (REBECCA CONSIDINE OF COUNSEL), ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered May 30, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the subject child.
[*1]
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order entered after an evidentiary hearing that, inter alia, granted the amended petition of petitioner father to modify an existing consent order regarding custody and visitation of the parties' older child and awarded the father sole custody of the subject child with limited visitation to the mother. In appeal No. 2, the mother appeals from an order entered after the same evidentiary hearing that, inter alia, granted the amended petition of the father seeking sole custody of the parties' younger child with limited visitation to the mother.
Initially, we note that appeal No. 1 is moot because the parties' older child has reached the age of 18 during the pendency of this appeal (see Matter of Woodruff v Adside, 26 AD3d 866, 866 [4th Dept 2006]; Matter of Krest v Kawczynski, 9 AD3d 907, 907-908 [4th Dept 2004]).
Contrary to the mother's contention in appeal No. 2, Family Court properly determined that joint legal custody was not appropriate inasmuch as the parties have an acrimonious relationship and are not able to communicate effectively with respect to the needs of the child (see generally Matter of K.C. v N.C., 215 AD3d 1238, 1239-1240 [4th Dept 2023], lv denied 40 NY3d 907 [2023]; Matter of Ballard v Piston, 178 AD3d 1397, 1398 [4th Dept 2019], lv denied 35 NY3d 907 [2020]).
With respect to the award of sole custody to the father, although the court "erred in failing to set forth those facts essential to its decision . . . , the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the child[]" (Matter of Rawleigh v Gallt, 229 AD3d 1093, 1093 [4th Dept 2024] [internal quotation marks omitted]). Upon our review of the relevant factors (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]), we conclude, contrary to the mother's contention in appeal No. 2, that it is in the child's best interests that the father have sole custody of the child. Here, the father has had sole custody of the child, and the mother has had limited visitation, since a temporary order was issued in 2022. The record establishes that the father is better able to provide for the child's emotional and intellectual development, as evidenced by the fact that the child's attendance and grades at school have improved significantly while residing with the father. As to the quality of the home environment, [*2]the child's siblings also reside at the father's home and there, unlike at the mother's home, the child has appropriate supervision. Moreover, several crucial factors weigh against awarding the mother custody of the child. Most notably, the testimony at the fact-finding hearing established that the mother had engaged in corporal punishment of the children and that she had a history of alcohol abuse.
Finally, we reject the mother's further contention in appeal No. 2 that the record does not support the court's determination to award her limited visitation. It is well settled that "[t]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound [and substantial] basis in the record" (Matter of Castle v Barnes, 221 AD3d 1562, 1563 [4th Dept 2023], lv denied 41 NY3d 901 [2024] [internal quotation marks omitted]). The mother admitted that she neglected the child and the record establishes that she interfered with the father's relationship with the child. We therefore conclude that it was not in the best interests of the child to award additional parenting time with the mother (see id.).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court