Matter of Albert T. (Shaquana M.) (2022 NY Slip Op 01262)





Matter of Albert T. (Shaquana M.)


2022 NY Slip Op 01262


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Docket No. V-31909-19/21B Appeal No. 15378 Case No. 2021-02524 

[*1]In the Matter of Albert T., Petitioner-Respondent, The Children's Law Center on Behalf of Kasey T., Nonparty-Appellant, Shaquana M., Respondent-Respondent.


The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for Albert T., respondent.
Bruce A. Young, Brooklyn, for Shaquana M., respondent.



Order, Family Court, Bronx County (Leticia M. Ramirez, J.), entered on or about July 7, 2021, which, upon a writ of habeas corpus ordering respondent mother to produce the subject child to petitioner father, ordered that the child be returned to petitioner, unanimously reversed, on the law, without costs, the writ of habeas corpus vacated, and the matter remanded for a determination of the court's initial jurisdiction over the petition and its ongoing jurisdiction over this case and, in the event it is determined that there is jurisdiction, the best interests of the child.
The court failed to inquire into the child's best interests in granting the petition for habeas corpus to enforce a March 2021 order awarding the father sole legal custody and primary residential custody of the child (see Eschbach v Eschbach , 56 NY2d 167, 171 [1982]). Based on the grave concerns expressed by the mother's counsel and the attorney for the child about whether the father was a suitable guardian, the court appropriately ordered the Administration for Children's Services (ACS) to conduct an investigation. However, it erred in interpreting ACS's report on the investigation as containing no information concerning the child and determining that no further steps were needed to ascertain the child's best interests. The report indicated that there were ongoing child protection proceedings against the father in New Jersey and that those proceedings had resulted in the removal from his care of two of his other children, with whom the subject child had been living. It also indicated that the father had an extensive history of involvement in child protection proceedings dating back to 2003 and that he had been uncooperative with New Jersey child protection authorities and with ACS, which had been unable to interview him.
At a minimum, these disclosures should have prompted the court to seek additional information from the New Jersey authorities, order fact-finding in this case, hold an in camera hearing with the child, who, as her attorney informed the court, strenuously objected to returning to her father's care, or all of the above, before summarily ordering the child's immediate return to her father. Instead, the court mechanically applied the March 2021 custody order. The March 2021 custody order was issued on consent of counsel and the child's attorney without fact-finding.
The court also should have determined as an initial matter whether it had subject matter jurisdiction over the father's petition. Although the petition shows a New York address for the father, the attorney for the child contends that that was not his address at the time. Nor can the questions of the mother's residence or the child's home state
when the petition was filed be resolved on this record (see Domestic Relations Law §§ 75-a[5]; 76; 76-a[1][a]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022