Matter of Byron M. v Sasha A. (2020 NY Slip Op 02243)





Matter of Byron M. v Sasha A.


2020 NY Slip Op 02243


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11362 -10/17B

[*1] In re Byron M., Dkt. Petitioner-Respondent,
v
Sasha A., Respondent-Respondent.


Cedeno Law Group, P.L.L.C., New York (Sandra Spennato of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about April 5, 2019, which, inter alia, after a hearing, granted petitioner father three therapeutic supervised visits with the subject child, unanimously affirmed, without costs.
There is a rebuttable presumption that visitation by a noncustodial parent is in the child's best interest and should be denied only in exceptional circumstances (see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). Here, the presumption that petitioner and the child should visit with each other was not rebutted as there was no evidence in the record that visitation with petitioner would place the child in any physical danger or that it would harm her by producing serious emotional strain or disturbance. Nor are there exceptional circumstances to support a finding that petitioner forfeited his right to visitation.
Contrary to the argument by the attorney for the child, the Family Court considered the child's position after conducting an in camera interview. While the child's wishes are some indication of what is in her best interests and "are entitled to great weight" (Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014] [internal quotation marks omitted]), those expressed wishes are only one factor to be considered and do not dictate a certain result in determining the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK