Matter of Stephanie B. v Joshua M. (2023 NY Slip Op 01159)

Matter of Stephanie B. v Joshua M.

2023 NY Slip Op 01159

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Docket No. V-3127/20 Appeal No. 17450 Case No. 2022-02311 

[*1]In the Matter of Stephanie B., Petitioner-Appellant,
v
Joshua M., Respondent-Respondent.

Carol Kahn, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about May 3, 2022, which, to the extent appealed from as limited by the briefs, granted respondent father supervised therapeutic visitation with the subject child, subject to the consent of the attorney for the child and compliance with certain conditions, unanimously affirmed, without costs.
Initially, we note that while the mother was the prevailing party in her custody petition, she may raise the issue on appeal as an aggrieved party under CPLR 5511 because she opposed the child's visitation with the father.
As to the merits, Family Court's determination that the father should be granted supervised therapeutic visitation with the child has a sound and substantial basis in the record (see Matter of Stanley G.M. v. Ivette B., 181 AD3d 434, 435 [1st Dept 2020]), and the presumption that the child's best interests are served by visitation with the noncustodial parent has not been rebutted by any exceptional circumstances (see Matter of Byron M. v. Sasha A., 182 AD3d 455, 455 [1st Dept 2020]; Matter of Arelis Carmen S. v Daniel H., 78 AD3d 504, 504 [1st Dept 2010], lv denied 16 NY3d 707 [2011]). Although the record contains evidence that the child struggled with balancing her love for her father and her desire to see him, on the one hand, with her stepsisters' anger that she wanted visitation with their abuser, on the other hand, there is also evidence in the record that the child repeatedly and consistently wanted to visit with him, and was angry and upset that she was precluded from doing so.
While the child's wishes are entitled to great weight, they are not controlling, particularly given her age and the existence of her significant mental health issues (see Melissa C.D. v. Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). Nonetheless, the record presents no evidence that supervised therapeutic visitation with the father would physically endanger the child. Moreover, the strictures that Family Court imposed on the visitation, as well as the inherent nature of the type of visitation ordered, will operate to mitigate any emotional strain on the child.
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023