Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered December 13, 2006, which terminated re *283 spondent mother’s parental rights to her daughter upon her admission of permanent neglect, transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, and denied respondent maternal grandmother’s petition for custody of the child, unanimously affirmed, without costs.
The mother failed to request a suspended judgment (see Matter of Latoya P., 308 AD2d 402 [2003]). In any event, a suspended judgment would deprive the child of a “permanent, nurturing family relationship” (Matter of Michael B., 80 NY2d 299, 310 [1992]), and the determination that termination of her mother’s parental rights was in the child’s best interests was supported by a preponderance of the evidence showing that the child has thrived in the foster home in which she has lived virtually her entire life and that the foster mother desires to adopt her (see Matter of Violeta P., 45 AD3d 352 [2007]).
The determination that the child’s best interests would not be served by granting the grandmother’s custody petition was supported by a preponderance of the evidence indicating that the child had little, if any, relationship with the grandmother, whom she had seen only a few times in her life, that the grandmother knew little about her, failed to recognize her special needs, and did not understand the degree to which her visits caused the child emotional harm (see generally Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; Matter of Marquis M., 304 AD2d 399 [2003]). Concur—Lippman, P.J., Sweeny, Catterson, Acosta and Renwick, JJ.