Ader v Ader (2023 NY Slip Op 02961)

Ader v Ader

2023 NY Slip Op 02961

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 350006/20 Appeal No. 402 Case No. 2023-00371 

[*1]Julie Ader, Plaintiff-Respondent,
v
Jason Ader, Defendant-Appellant.

Stein & Ott LLP, New York (Lara P. Ott of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (David Aronson of counsel), for respondent.
Cardi & Edgar LLP, New York (Dawn M. Cardi of counsel), attorney for the children.

Order, Supreme Court, New York County (Michael Katz, J.), entered on or about January 4, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of the attorney for the children to enforce the order requiring defendant father to pay for add-ons and to refrain from interfering with, harassing, or terminating the services of the children's third-party providers, and so much of plaintiff mother's motion as sought to prohibit the father from having any contact with the children's current or prospective providers except to pay invoices, awarded her sole interim decision-making for the children's add-on expenses, and directed the father to pay or reimburse those expenses within 10 days of submission, subject to reallocation at trial, unanimously affirmed, without costs.
The court's determinations regarding payments due and owing to the children's current or prospective third-party providers had a sound and substantial basis in the record. Despite the terms of the parties' prenuptial agreement and several court orders, the father continually interfered with the children's third-party providers, such as tutors, by refusing to timely pay their fees or refusing to pay them at all. These actions by the father were contrary to the children's best interests, as the third-party providers were necessary for the children's emotional and educational well-being and the children had been working successfully with some of them for years (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Damaris C. v Juan O., 212 AD3d 404, 405 [1st Dept 2023]).
For the same reasons, there was a sound and substantial basis in the record for the court's award to the mother of sole interim decision-making for the children's add-on expenses and for the court's directive that the father refrain from directly contacting or harassing current or potential third-party providers. The father had tried to interfere with the children's tutors by sending them emails apparently designed to intimidate them, to the children's detriment. Therefore, under the circumstances, the court properly decided that it was in the children's best interests for the father to have no contact with any providers, including tutors, schools, and therapists, except to pay invoices.
Nor did the motion court err in declining to hold a full evidentiary hearing before making these determinations. The undisputed evidence before the court showed that less than two days after being ordered not to harass, intimidate, or discontinue the children's providers, the father sent emails to some of those providers with no discernable purpose other than to intimidate them. The father's claim that he was merely seeking information was simply not believable, given the language used in the emails. Moreover, before entering the order, the court heard from the parties—including the attorney for the children, who supported the mother's motion on her clients' behalf—and explained, on the record, the [*2]reasoning for its decision. The court's determinations in that regard are also consistent with the children's best interests, and there is no basis to vacate the order (see Eschbach, 56 NY2d at 171; Mack v Mack, 206 AD3d 593, 594 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023