Matter of Muhamede J.D. v Shanie A.M. (2024 NY Slip Op 05483)

Matter of Muhamede J.D. v Shanie A.M.

2024 NY Slip Op 05483

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. V-05403-21 V-06739-22 Appeal No. 2963 Case No. 2023-04902 

[*1]In the Matter of Muhamede J.D., Petitioner-Appellant,
v
Shanie A.M., Respondent-Respondent. 

Andrew J. Baer, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Hasa A. Kingo, J.), entered on or about September 22, 2023, which, after a fact-finding hearing, granted respondent mother's cross-petition for custody to the extent of awarding joint legal custody of the child to both parents with residential custody to the mother and parenting time to the father, and granting the mother's request to relocate with the child to Vermont, unanimously reversed, on the law and the facts, without costs, and the matter remanded to Family Court for further proceedings consistent with this decision.
In determining issues of custody, a court must consider all relevant factors that bear on the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). Among the factors to be considered are the original living circumstances of the child, fitness and abilities of each parent, quality of each home, each parent's ability to provide guidance to the child, each parent's financial status, and the parents' respective abilities to provide for the child's emotional and intellectual development (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]).
Here, Family Court determined that it was in the child's best interests for the mother to have sole residential custody and to relocate to Vermont with the child, based in large part on the mother's demonstrated commitment to the child's education and her willingness to put his needs above her own. However, since the issuance of Family Court's custody order there have been new developments, which the attorney for the child has brought to this Court's attention. Specifically, while the child has remained with the father in New York City the mother has failed to consistently visit or maintain contact with the child since September 2023. According to the attorney for the child the mother stopped visiting the child in February 2024. Any change in custodial arrangements, particularly for a child with a disability, requires preparation. The mother's apparent failure to communicate with the child raises questions concerning the adequacy of her preparation, and her continued commitment to this change in custody.
This Court may take notice of new facts and allegations to the extent they indicate that the record before it is no longer sufficient for determining whether an award of residential custody to the mother and relocation to Vermont is still in the child's best interests (see Matter of Michael B., 80 NY2d 299, 318 [1992]). In light of the changed circumstances brought to this Court's attention, the record is no longer sufficient to review whether the Family Court's determination regarding custody, parental access, and relocation is in the child's best interests (see Matter of Emily F. v Victor P., 219 AD3d 1187, 1188 [1st Dept 2023]). For that reason, we remand for a new hearing to consider new facts and make a new determination as to custody and parental access.
We express no opinion as to the appropriate determination (see [*2]Matter of Fitzsimmons v Fitzsimmons, 204 AD3d 792, 794-795 [2d Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024