Matter of Casas v Day (2024 NY Slip Op 04884)

Matter of Casas v Day

2024 NY Slip Op 04884

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

663 CAF 22-00384

[*1]IN THE MATTER OF LEONEL CASAS, PETITIONER-RESPONDENT,
v
CRYSTAL DAY, RESPONDENT-APPELLANT.
IN THE MATTER OF CRYSTAL DAY, PETITIONER-APPELLANT,
v
LEONEL CASAS, RESPONDENT-RESPONDENT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered January 24, 2022, in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted Leonel Casas primary physical residence and sole decision-making authority with respect to choice of school for the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings commenced pursuant to article 6 of the Family Court Act, respondent-petitioner mother appeals from an order that, among other things, granted the parties joint legal custody and shared physical custody of their infant child. The order further provided that "the child's primary residence shall be the residence of the [petitioner-respondent] father," who "shall have sole decision-making authority as to where the child attends school." Contrary to the mother's contention, we conclude that a sound and substantial basis in the record supports Family Court's determination that it is in the child's best interests to award primary residence and sole-decision making authority regarding where the child attends school to the father (see Matter of Robinson v Santiago, 227 AD3d 1415, 1415-1416 [4th Dept 2024], lv denied — NY3d — [2024]; see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). Although the evidence demonstrated that both parties are caring and competent parents, one or the other must have primary residence for school purposes given that they live in different school districts. Considering that, prior to commencement of these proceedings, the mother moved across the state with the child without notifying the father, thereby depriving him of visitation with the child for an extended period of time, we cannot conclude that the court erred in designating the father's residence as the primary residence of the child for school purposes.
We have reviewed the mother's remaining contentions and conclude that they lack merit.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court