Matter of Jermaine N. v Tatiana T. (2024 NY Slip Op 05060)

Matter of Jermaine N. v Tatiana T.

2024 NY Slip Op 05060

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Case No. 2023-06419 Docket No. V-08110-21, V-08111-21 Appeal No. 2822

[*1]In the Matter of Jermaine N., Petitioner-Respondent,
v
Tatiana T., Respondent-Appellant.

Larry S. Bachner, New York (Larry S. Bachner of counsel), for appellant.
The Mandel Law Firm, New York (Marilyn T. Sugarman of counsel), for respondent.
Donna C. Chin, New York attorney for the child AD N.
Steven N. Feinman, White Plains attorney for the child AZ N.

Order, Family Court, Bronx County (Liberty Aldrich, J.), entered on or about November 16, 2023, which, inter alia, after a fact-finding hearing, awarded the parties joint legal custody of the subject children with primary physical custody to petitioner father beginning in August 2024 and a liberal parenting access schedule for respondent mother, unanimously affirmed, without costs.
The court's determination that an award of joint custody to the parents with primary physical custody to the father was in the best interest of the children is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008]). The record established that while both parents had the means to adequately provide for the children and were capable and loving parents, the father's home environment was better suited for the children's needs (see Matter of Victor M. v Adriana Y., 223 AD3d 472, 473 [1st Dept 2024]). The court found that the children had been exposed to instances of domestic violence and corporal punishment in the mother's home, and that the mother's blanket denial that any of those events took place was incredible. Such determinations are entitled to great weight (see Matter of Phillip M. v Precious B., 173 AD3d 434, 435 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).
Furthermore, the court providently exercised its discretion in finding that the children's out-of-court statements, which described the same incidents of domestic violence and corporal punishment, were admissible in a custody proceeding because they were corroborated by each other's in camera testimony and the father's testimony about the mother disclosing domestic violence to him (see Matter of Carlos L. v Eva P., 190 AD3d 421, 422 [1st Dept 2021], lv denied 36 NY2d 907 [2021]; Matter of George A. v Josephine D., 165 AD3d 425, 425 [1st Dept 2018]). It also properly considered the children's wishes and gave them the weight commensurate with their level of maturity and age (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
We have considered the mother's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024