Matter of Tawanna W. v Kamella T. (2024 NY Slip Op 06681)

Matter of Tawanna W. v Kamella T.

2024 NY Slip Op 06681

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Docket No. G-02554/21 Appeal No. 3358 Case No. 2024-00447 

[*1]In the Matter of Tawanna W., Respondent,
v
Kamella T., Appellant.

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.
Daniel X. Robinson, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about November 10, 2022, which, after a hearing, granted petitioner paternal grandmother's petition to be appointed kinship guardian of the subject child, unanimously affirmed, without costs.
Family Court properly found that the grandmother demonstrated the requisite extraordinary circumstances to establish standing to seek kinship guardianship (see Family Ct Act §§ 1089-a[a][i]; 1055-b; Matter of Jaylanisa M.A. [Christopher A.], 157 AD3d 497, 498 [1st Dept 2018]). At the time of the hearing, the then-five-year-old child had been living with and continuously cared for by the grandmother since she was an infant. During that entire time, the grandmother provided for the child's financial, educational, emotional, and medical needs, while the mother's contact with the child was intermittent and sporadic. The mother only visited with the child roughly 10 times during that interval, provided little to no financial support, made no serious effort to obtain information about the child's education or medical care, and was unable to demonstrate a clear plan for the child if she were returned to the mother's care. These circumstances constitute "extraordinary circumstances" establishing standing (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548-550 [1976]; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d 476, 476 [1st Dept 2018]).
The totality of the circumstances demonstrated that the award of guardianship to the grandmother was in the best interests of the child (see Family Ct Act § 1055-b[a][ii]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The grandmother has provided the child with a loving and stable home environment, cared for the child nearly her entire life, and committed to continuing to do so (see Matter of Dianne M. v Princess R.F., 82 AD3d 481, 481 [1st Dept 2011]). The child has expressed her wish to continue living with the grandmother, and while not determinative, her preference is entitled to some weight (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). Moreover, having had the ability to view the witnesses and hear the testimony, the court's findings on this issue should be accorded great deference on appeal (see Matter of Dianne M., 82 AD3d at 481).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024