Matter of Christine EE. v David FF. (2025 NY Slip Op 01028)

Matter of Christine EE. v David FF.

2025 NY Slip Op 01028

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-2278
[*1]In the Matter of Christine EE., Respondent,
v
David FF., Appellant. (And Other Related Proceedings.)

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Paul J. Connolly, Delmar, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.

Lynch, J.
Appeal from an order of the Family Court of Saratoga County (Paul Pelagalli, J.), entered November 17, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject children (born in 2009 and 2012). A September 2019 consent order awarded the parties joint legal and physical custody of the children pursuant to a fluctuating parenting time schedule, which generally had the children in the mother's care on weekdays and in the father's care on weekends. In September 2021, the mother filed a modification petition seeking sole legal and primary physical custody of the children, as well as an order directing the parties to use a court monitored texting app to communicate, and for the father to "undergo a random home visit by Child Protective Services" along with a drug and alcohol evaluation. The father answered the petition but failed to appear for the scheduled hearing in August 2022, resulting in the entry of a default judgment in the mother's favor.
Approximately two weeks later, the mother filed a violation petition alleging that the father was refusing to return the children following his parenting time on August 21, 2022. The father thereafter filed his own violation petition alleging that the mother had violated both the 2019 and 2022 custody orders by, among other things, disparaging him in front of the children and allowing the maternal grandmother to do the same. He also moved by order to show cause to vacate the default judgment entered against him and to reestablish the 2019 custody order during the pendency of the proceedings. By decision and order entered March 6, 2023, Family Court vacated the default judgment and scheduled a fact-finding hearing on the petitions.
The mother subsequently filed several additional violation petitions against the father and the father filed a petition seeking to modify the custodial arrangement. After conducting fact-finding and Lincoln hearings, Family Court, as relevant here, granted all of the mother's petitions and dismissed the father's petitions. In so doing, the court awarded the mother sole legal and primary physical custody of the children, granted the father parenting time from Friday after school until Sunday at 7:00 p.m., directed the parties to enroll in coparenting counseling, found the father in violation of the prior custody order and sentenced him to 20 days in jail, to be suspended upon his immediate compliance with the order. The father appeals.
Contrary to the father's contention, Family Court's determination to award the mother sole legal and primary physical custody of the children is supported by a sound and substantial basis in the record.[FN1] "The threshold inquiry in any custody modification proceeding is whether there has been a change in circumstances since entry of the prior custody [*2]order that, if established, warrants a review of the issue of custody to ensure the continued best interests of the child[ren]" (Matter of Michelle L. v Steven M., 227 AD3d 1159, 1160-1161 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Joesph XX. v Jah-Rai YY., 226 AD3d 49, 53 [3d Dept 2024]). Neither party disputes that the requisite change in circumstances was established in this case, as the evidence amply demonstrates their inability to effectively communicate regarding parenting issues, rendering joint legal custody no longer feasible (see Matter of Richard CC. v Lacey DD., 230 AD3d 1389, 1390 [3d Dept 2024]; Matter of C.M. v Z.N., 230 AD3d 1409, 1411 [3d Dept 2024]; Matter of Cooper v Williams, 161 AD3d 1235, 1237 [3d Dept 2018]).
The question turns to whether Family Court fashioned a custodial arrangement in the children's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]) — a consideration that takes into account a variety of factors "including the quality of the home environment of each parent, the need for stability in the children's lives, the past performance of the parents and their ability to provide for the children, the wishes of the children and the degree to which each parent is willing to foster a positive relationship between the children and the other parent" (Matter of Jason VV. v Brittany XX., 230 AD3d 1398, 1400 [3d Dept 2024]; see Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394 [3d Dept 2024]). Family Court's credibility determinations are entitled to deference by this Court and we will not disturb its best interests determination if supported by a sound and substantial basis in the record (see Matter of Joanna PP. v Ohad PP., 230 AD3d 1445, 1447 [3d Dept 2024]; Matter of Matthew L. v Sierra N., 229 AD3d 866, 868 [3d Dept 2024], lv denied 42 NY3d 907 [2024]).
The hearing testimony supports Family Court's determination that it was in the children's best interests to award the mother sole legal custody, as the mother demonstrated that she is better equipped to provide stability for the children and to ensure that their medical and educational needs are met. Correspondingly, there was testimony that the father was not as disciplined about ensuring that the children completed their homework, placed too much emphasis on the children's dirt-bike and four wheeler racing — sometimes resulting in their getting home at an unreasonable hour on school nights — and was obstinate in response to reasonable requests by the mother. The father also made irresponsible parenting decisions on occasion, including by driving the children to the exchange location without a valid driver's license. The mother detailed several instances in which the father displayed aggressive behavior, including in front of the children, and a one-month period in which he kept the children in his care because they purportedly did not want to return to the mother's residence, demonstrating his disregard of the custody [*3]order and failure to encourage the children's relationship with the mother. On this record, we discern no basis to disturb Family Court's award of sole legal custody to the mother (see Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943-944 [3d Dept 2024], lv denied 42 NY3d 905 [2024]; Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1041 [3d Dept 2023]). The award of primary physical custody to the mother, with substantial parenting time to the father, also has a sound and substantial basis in the record, as there was evidence that the father's residence was in a state of disrepair and the children had returned therefrom with lice and skin rashes (see Matter of Kody O. v Maya P., 227 AD3d 1196, 1197 [3d Dept 2024]; Matter of Giuseppe V. v Tiffany U., 224 AD3d 1122, 1126 [3d Dept 2024]). We further conclude that the mother established, by clear and convincing evidence, that the father violated the prior custody order without a legitimate reason in a manner that prejudiced her rights (see El-Dehdan v El-Dehdan, 26 NY3d 19, 34-35 [2015]). Accordingly, Family Court did not abuse its discretion in finding the father in civil contempt (see Judiciary Law § 753; Matter of Michelle L. v Steven M., 227 AD3d at 1164; Matter of Brett J. v Julie K., 209 AD3d 1141, 1145 [3d Dept 2022]).
Aarons, J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although not dispositive, we note that the attorney for the children supports the award of sole legal and primary physical custody to the mother.