Matter of Taveras v Aguirre (2025 NY Slip Op 02787)

Matter of Taveras v Aguirre

2025 NY Slip Op 02787

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-08855
 (Docket No. V-4181-22)

[*1]In the Matter of Yvan Peralta Taveras, respondent,
v
Elyanna Margarita Aguirre, appellant.

Darla A. Filiberto, Islandia, NY, for appellant.
Adam H. Moser, Mineola, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of custody and parental access of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated September 6, 2023. The order of custody and parental access, after a hearing, granted the father's petition for sole custody of the parties' child to the extent of awarding the parties joint legal custody of the child, with final decision-making authority to the father, and awarding the father residential custody of the child, with parental access to the mother. The notice of appeal from an order dated September 6, 2023, is deemed to be a notice of appeal from the order of custody and parental access (see CPLR 5512[a]).
ORDERED that the order of custody and parental access is affirmed, without costs or disbursements.
The mother and the father, who were never married to each other, are the parents of one child, born in 2018. In 2022, the mother and the father each filed a petition seeking sole custody of the child. After a hearing, the Family Court granted the father's petition to the extent of awarding the parties joint legal custody of the child, with final decision-making authority to the father, and awarding the father residential custody of the child, with parental access to the mother. The mother appeals.
"In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Scott v Hendy, 216 AD3d 1099, 1100; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Scott v Hendy, 216 AD3d at 1100 [internal quotation marks omitted]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter [*2]of Cretella v Stephens, 160 AD3d 846, 847).
Contrary to the mother's contention, the Family Court's determination that the best interests of the child would be served by awarding the father residential custody of the child and final decision-making authority has a sound and substantial basis in the record and will not be disturbed (see Matter of Scott v Hendy, 216 AD3d at 1100).
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court