Matter of Dapp v Shtaynberger (2025 NY Slip Op 04474)

Matter of Dapp v Shtaynberger

2025 NY Slip Op 04474

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-10155
 (Docket Nos. V-2202-21/24A, V-2739-21/24A)

[*1]In the Matter of Sarah A. Dapp, respondent, 
v
Edward Shtaynberger, appellant. Thorsen Law Offices, New City, NY (Ilene K. Graff of counsel), for appellant. Barbara L. Gionta, New City, NY, for respondent.

Legal Aid Society of Rockland County, New City, NY (Lilian Arthur of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated August 30, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to modify a stipulation of custody and parental access dated October 31, 2022, so as to award her primary physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother, who were never married to each other, are the parents of one child. Pursuant to a stipulation of custody and parental access dated October 31, 2022 (hereinafter the stipulation), the parties agreed to share joint legal custody of the child, with primary physical custody of the child to the father. The stipulation provided that in the event the child ceased to attend a certain elementary school, such event would constitute a substantial change in circumstances permitting the mother to file a petition to modify the custody and parental access provisions of the stipulation. In March 2023, the father moved his residence outside of the school district of the agreed-upon elementary school and the child ceased to attend that elementary school. The mother subsequently filed a petition to modify the custody and parental access provisions of the stipulation so as to award her sole legal and physical custody of the child. The mother alleged, inter alia, that the father was unable to provide stability for the child, as the child was late to school 17 times during the 2023-2024 school year.
In an order dated August 30, 2024, after a hearing, the Family Court, among other things, granted that branch of the mother's petition which was to modify the custody and parental access provisions of the stipulation so as to award her primary physical custody of the child. The father appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in [*2]circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [internal quotation marks omitted]). "The best interests of the child must be determined by reviewing the totality of the circumstances" (Matter of Saliba v Melvin, 227 AD3d 913, 914; see Eschbach v Eschbach, 56 NY2d 167, 174).
Contrary to the father's contentions, the Family Court's determination to award primary physical custody of the child to the mother has a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of Soto v Katz, 238 AD3d 1161, 1162; Matter of Steward v Okon, 238 AD3d 1055, 1057). The evidence presented at the hearing demonstrated, inter alia, that the mother was better suited to promote stability in the child's life than the father (see Matter of Steward v Okon, 238 AD3d at 1057).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Family Court properly granted that branch of the mother's petition which was to modify the custody and parental access provisions of the stipulation so as to award her primary physical custody of the child.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court